IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES C. SHUPE,  )
       Plaintiff  )
         )
   v.  )  CIVIL ACTION NO. 09-80 ERIE
         )
TRU-WELD GRATING, INC.,  )
       Defendant  )


HEARING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF; MOTION FOR LEAVE TO AMEND COMPLAINT; and MOTION TO <u>WITHDRAW MOTION FOR LEAVE TO AMEND COMPLAINT</u>


Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Judge's Chambers, U.S. Courthouse, Erie,

Pennsylvania, on Tuesday, April 13, 2010.


APPEARANCES:

TIMOTHY D. McNAIR, Esquire, (via Phone), appearing on behalf of the Plaintiff.

PAUL J. PERALTA, Esquire, (via Phone), appearing on behalf of the Defendant.

BENJAMIN P. FRYER, Esquire, (via Phone), appearing on behalf of the Defendant.

ERIN J. McLAUGHLIN, Esquire, (via Phone), appearing on behalf of the Defendant.


Ronald J. Bench, RMR - Official Court Reporter

P R O C E E D I N G S

(Whereupon, the proceedings began at 11:33 a.m., on Tuesday, April 13, 2010, in Judge's Chambers.)

THE COURT: I have kind of poured through most of the recent batch of pleadings to try to figure out what's going on. Just to set the stage, a motion for leave to amend the complaint had been filed. That was followed shortly thereafter by a motion to withdraw motion for leave to amend the complaint. Then there was also a motion for leave to file a supplemental brief, that was filed at the same time that the motion for leave to amend was filed. And then the defendant came on with a brief, filed a response in opposition to the plaintiff's motion for leave to amend the complaint, and motion for leave to file a supplemental brief. Also, by way of orienting myself for our get-together this morning, I read the summary judgment motions just to see what was on the griddle there. And I went back and looked at the complaint. Let me first turn to Mr. McNair and hear what you have to say?

MR. McNAIR: Yes, your Honor. With regard to the motion to amend the complaint. That drew an extremely vitriolic response. I decided that, after reviewing the complaint and reviewing the Harrison case, that there really is no need to amend the complaint. The complaint states a claim

1  for a violation of the Americans with Disabilities Act and the
2  Pennsylvania Human Relations Act.  And in this case it arises
3  out of an improper medical examination.  The complaint also
4  makes out a claim for the withdrawal of a job offer based on a
5  record of a disability.  Which it also expressly refers to the
6  illegal medical examination that was done.  The issue that the
7  defendant is raising on summary judgment is that it doesn't
8  think that the plaintiff has proved that he has a record of a
9  disability or that he was regarded as disabled.  That is really
10 pretty much besides the point -- under 12112(d)(3), the medical
11 examination provision of the ADA.  That was the supplemental
12 brief, we finally got to this point, we filed a supplemental
13 brief on that.
14             THE COURT:  Let me just ask you a couple questions
15 here, just to kick the ball down the field.  I have your
16 complaint.  When I went back and looked at it, it seemed to me
17 that the operative paragraph of the complaint, in terms of what
18 your legal theory was, was paragraph 15.  Where it says "the
19 defendant discriminated against plaintiff because plaintiff had
20 a record of disability.  Alternatively, the defendant perceived
21 plaintiff to be suffering from a disability as the result of
22 his prior injury."  I then flipped the page to Count I, and it
23 indicates that "as the result of the actions of the employer in
24 intentionally discriminating against the plaintiff on account
25 of the plaintiff's record of disability, plaintiff is entitled

1  to back pay," etc. I presume that although you simply
2  referenced a record of disability, the theory was not just a
3  record of disability, but also regarded as, is that right?
4  　　　　MR. McNAIR: That's true. It also sets forth an
5  improper medical examination under (d)(3).
6  　　　　THE COURT: Where does the complaint allege that?
7  　　　　MR. McNAIR: It doesn't say it expressly, your
8  Honor.
9  　　　　THE COURT: Tell me -- let me flip to that. Tell me
10 about the theory, I know you've withdrawn your amended
11 complaint on the presumption that the original complaint
12 adequately addresses it?
13 　　　　MR. McNAIR: That it adequately gives the defendant
14 notice of the claim, which is the operative test.
15 　　　　THE COURT: Hang on a second, I'm not done. In
16 Count II of the proposed amended complaint, you say "in the
17 alternative, position offered to the plaintiff was not a 'real'
18 offer, rendering the medical examination of the plaintiff
19 illegal" under the applicable section. So the theory there is
20 that the conditional offer of employment that was made to your
21 client was a sham?
22 　　　　MR. McNAIR: The theory there, your Honor, is you're
23 not allowed to have a medical examination until you've made an
24 offer of employment. The defendant in its answer expressly
25 denies that it made an offer of employment. But it expressly

1  admits that it required the plaintiff to submit to a medical
2  exam.
3           THE COURT: In other words --
4           MR. McNAIR: Consequently, no offer was made. Or
5  the offer was withdrawn. That really is a semantic difference,
6  it just doesn't make any difference.
7           THE COURT: Let me --
8           MR. McNAIR: And, your Honor, I would just refer you
9  to the case we cited in our supplemental brief, Harrison v.
10 Benchmark Electronics Huntsville, Inc., which is an an 11th
11 Circuit case from 2010 --
12          THE COURT: Right.
13          MR. McNAIR: In that case the plaintiff also alleged
14 a violation under (d)(2) but the Circuit found he had
15 adequately pleaded facts that gave the defendant notice of the
16 claim under (d)(3) --
17          THE COURT: (d)(3) meaning?
18          MR. McNAIR: Under the medical exam provision in
19 order to be protected, you merely need to be an applicant. You
20 do not need to be a qualified individual with a disability.
21 Okay. Under (d)(2), under the regarded as, a record of, you
22 would need to demonstrate that you were regarded as a qualified
23 individual or you had a record of a disabling condition. But
24 we believe we've adequately proved that in this case. But it's
25 beside the point. When you look at (d)(3), and you see that

1   that's not a requirement.  All that's required is that the
2   person is sent for a medical exam, winds up not working for the
3   defendant.
4           THE COURT:  In other words, just to put a capper on
5   this part of our conversation, you are not abandoning your
6   claim of a record of disability?
7           MR. McNAIR:  No.
8           THE COURT:  Nor are you abandoning your claim as
9   regarded as having a disability.  Parenthetically, of course,
10  it is not necessary you have a fact disability in order to be
11  regarded as having a disability.  It's your position
12  alternatively, as a third basis for recovery, even if none of
13  those things were viable, it is your position in the
14  alternative they conducted a medical exam before they made an
15  offer of employment?
16          MR. McNAIR:  Yes, your Honor.  This is a particular
17  position we urged all the way from our initial disclosure
18  statement all through this case.  In fact, even at the
19  mediation we urged this.  And so there is certainly no
20  prejudice to the defendant from considering that.
21          THE COURT:  Here is one other question, then I'll
22  hear what the defendant has to say.  In the complaint that I
23  have, not the amended complaint, the one that is on the table
24  right now, where in the complaint do you allege that a medical
25  exam was conducted in violation of (d)(3) because there had

```
 1  been no offer of employment?
 2          MR. McNAIR:  When you look at the facts that are set
 3  forth -- the complaint alleges there was an offer, clearly
 4  there was.  The offer was withdrawn.  The plaintiff was not
 5  unable to perform the essential functions of the job with or
 6  without an accommodation, therefore, there's a violation of
 7  subsection (d)(3).
 8          THE COURT:  Who's going to be speaking on behalf
 9  of --
10          MR. McNAIR:  And certainly have notice of that,
11  there is no question about that.
12          THE COURT:  Who is going to be speaking on behalf of
13  the defendant?
14          MR. PERALTA:  Mr. Fryer is, your Honor.
15          MR. FRYER:  Your Honor, our position, as we did
16  outline in the response in the opposition to the motion for
17  leave to amend, as well as the supplemental brief, as you
18  noted, there is simply nothing in the complaint that raises
19  this as an allegation, as a claim that we were required to
20  defend.  Mr. McNair has stated that this particular cause of
21  action would not require a showing of disability.  That is
22  correct under the law.  However, on the claims he has actually
23  raised, do meet such a requirement.  And this is an attempt at
24  the late hour, seven months, seven months I believe to the day,
25  seven months after the deadline to amend the complaint, which
```

1  essentially is an attempt to lower the bar, to lower that which
2  is required for his showing to establish a prima facie case in
3  this instance. We have not moved, as has been asserted, based
4  upon the notion that the plaintiff was not a qualified
5  individual. In fact, we have stated and there is record
6  evidence in the form of Mr. Deal's testimony that according to
7  our belief, that the plaintiff was capable. The issue here is
8  that this is not a claim that was in the complaint, this is not
9  a claim that was made timely. This complaint arose -- in
10 response to summary judgment.
11         THE COURT: This was a theory, though, if I remember
12 from reading the papers, that was noted on the Rule 26(f)
13 report, wasn't it?
14         MR. FRYER: There's been several theories that have
15 been floated in this case. I would note, for instance, that
16 the complaint and the EEOC charge are very specific in stating
17 that this record of disability claim is predicated upon injury
18 to the left elbow. Only after the close of discovery, in
19 fact -- at the discovery period request of plaintiff, we now
20 have seen a shift of complaints, really the theory is based on
21 a knee surgery injury. We have new evidence that has been
22 offered that was provided in response to discovery requests.
23 And a claim by Mr. McNair that he is prepared to submit some
24 300 additional pages of medical records. And so we feel there
25 are some shifting theories in this particular case.

1    THE COURT: Let's cut to the chase, not to interrupt
2 you, just by way of streamlining our talk here. Turning to Mr.
3 McNair's theory that we've been discussing, and that is that
4 the medical exam is in violation of the law because an offer of
5 employment had not been made. With respect to that factual
6 contention, what is the defendant's position?
7    MR. FRYER: Well, I think our first contention is
8 that it is not in the complaint.
9    THE COURT: I realize that. I'm asking, I'm not
10 suggesting that it necessarily is. I'm saying as a factual
11 matter, and you are presented with a contention, even if it's
12 outside the complaint right now, what is the defendant's
13 position with respect to the plaintiff's contention, albeit
14 perhaps bubbling to the surface rather late, that there was no
15 offer of employment, therefore, any medical exam was improper?
16    MR. FRYER: I think, your Honor, the case law states
17 that if the decision would have been the same, absent an
18 improper examination, there is no violation from which an
19 independent cause of action and damage of liability can arise.
20 Our position is very much that the same decision would have
21 been made regardless of the timing -- further, if in fact there
22 is an injury in fact that could give rise to a cause of action,
23 that injury in fact is an injury which is alleged specifically
24 in the complaint, that is unlawful discrimination on the basis
25 of a record of disability or the regard as claim.

10

1  THE COURT: Let me ask you one other question and
2  then I'll double back to try to get this motion resolved. And
3  this is getting a little bit into the weeds of the merits of
4  the summary judgment motion as it presently exists, but so be
5  it. My understanding is that the defendant's alleged
6  legitimate nondiscriminatory reason for not hiring the
7  plaintiff was that the decision-maker had a telephonic
8  conversation with someone in the hierarchy of the plaintiff's
9  previous employer, is that correct?
10  MR. FRYER: Yes, your Honor.
11  THE COURT: And as I read the excerpt of that
12  conversation, and I'm paraphrasing, after some initial
13  questions allegedly the question was asked by a representative
14  of the defendant here, would you bring him back, which elicited
15  a response, I don't have this in front of me, it's from memory,
16  absolutely not. That was pretty much it, wasn't it?
17  MR. FRYER: Yes, your Honor.
18  THE COURT: There was at that time no specifics
19  supplied as to exactly what was meant by that, is that right?
20  MR. FRYER: That is correct.
21  THE COURT: All right. Now, getting back, is there
22  anything more you want to tell me on this request to amend than
23  you already told me in your pleadings -- I'm talking to the
24  defendant now?
25  MR. FRYER: No, your Honor.

1  THE COURT: Actually, it's not -- I'm not sure what
2  it is. Let me swing back to Mr. McNair here. I'm going to
3  tell you straight out, the complaint as it's presently pled, in
4  my view, does not state a cause of action that is set forth in
5  your proposed amended complaint, which you have chosen to
6  withdraw. That's number one. So I ask you, you're the master
7  of your pleading, is it your intention to simply rely on your
8  original complaint rather than attempt to file an amended
9  complaint?
10  MR. McNAIR: Given that, your Honor, I would prefer
11  to have an amended complaint on the record.
12  THE COURT: Look it, this is what I'm going to do.
13  This is going to be an order. Presently pending before the
14  court -- this is going to get a bit complicated, is a motion
15  for leave to amend the complaint. That amended complaint, by a
16  separate pleading, was withdrawn by the plaintiff. The
17  plaintiff has now requested leave to file an amended complaint.
18  As I indicated, it alleges a cause of action under 12112(d)(3).
19  Under Rule 15(a), of course, the standard for granting an
20  amendment of a pleading is rather liberal. However, it is
21  within the sound discretion of the court. However, the
22  amendment would not be proper, for instance, where a court
23  would find a demonstrable prejudice to the other side based
24  upon significant delay, etc., lack of good cause. It seems to
25  me in this case on the issue of prejudice, I do not think that

there is significant prejudice by permitting the amendment as to a discreet aspect of the claim.  Although discovery has closed, and I do have pending before me a summary judgment with regard to the record of disability or regard as, as to disability claims set forth in the original complaint, this is such a discreet claim that in my view it would not require significant discovery to supplement the record in such a way that if the defendant was so inclined to get it before the court on a motion for summary judgment, if he felt that was appropriate.  Consequently, I'm going to grant the motion for leave to amend the complaint.  On the subject of any additional discovery on this point, let me first turn to -- well, let me first turn to Mr. McNair.  Everybody has had a lot of time here to do a lot of discovery in this case.  Have you covered the ground in discovery that would be germane to this particular theory?

          MR. McNAIR:  Absolutely.

          THE COURT:  All right.  And let ask the defendant.  Is there anything that you feel you would need to do by way of discovery or otherwise on this point?

          MR. PERALTA:  I think we're good, your Honor.

          THE COURT:  Let's do this.  Get an amended complaint filed.  Get a response filed to the amended complaint as quickly as you can.  And then does the defendant anticipate any supplemental motion practice with respect to this amended

1  complaint?

2          MR. PERALTA:  Yes, your Honor, we'll be
3  supplementing our motion for summary judgment.

4          THE COURT:  Then the timing will be this.  You'll
5  have 20 days within which to file a supplemental motion and
6  brief in support thereof, 20 days from the time you file your
7  answer.  Plaintiff will have 20 days within which to respond to
8  the supplemental motion for summary judgment, along with a
9  brief in opposition.  All right, thank you, counsel.

11         (Whereupon, at 11:52 a.m., the proceedings were
12 concluded.)

                         - - -

1  <u>C E R T I F I C A T E</u>

5     I, Ronald J. Bench, certify that the foregoing is a
6  correct transcript from the record of proceedings in the
7  above-entitled matter.

13  _____
14  Ronald J. Bench